UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOLYN DUNBAR,<br>    Plaintiff,<br><br>    v.<br><br>GEORGE JEPSEN, et al.,<br>    Defendants. | No. 3:19-cv-1163 (SRU) |

### RULING ON PLAINTIFF'S MOTION TO OPEN JUDGMENT

Self-represented plaintiff Timolyn Dunbar filed this civil rights action under 42 U.S.C. § 1983 on July 29, 2019.  I dismissed the complaint for failure to state a claim on September 12, 2019.  Judgment in favor of the defendants entered on September 17, 2019.  Dunbar has now moved to reopen judgment and to present information to the court.  For the following reasons, Dunbar's motions are denied.

Dunbar's motion to reopen judgment cites no authority.  Because she proceeds *pro se*, I liberally construe the motion as one filed pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) allows relief from a final judgment in identified circumstances, premised on one of six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party;  (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  The first five grounds are narrow and specific.  The sixth ground, although broadly worded, is narrowly interpreted.  *See Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004).

Here, although the sixty-four page motion is challenging to parse, Dunbar appears to ask me to "take notice" of certain materials so that she can identify the confidential informant whose cooperation allegedly led to her arrest. Doc. No. 28 at 2-3. Thus, I construe that the applicable bases for relief are the discovery of new evidence set forth in subsection 60(b)(2) and the catch-all provision set forth in subsection 60(b)(6).

Granting a motion to reopen judgment is within the court's discretion. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233 (1995) (describing Rule 60(b) as authorizing "discretionary judicial revision of judgments"). Before considering the merits of the motion, the court must determine whether the motion was timely filed. Any motion filed pursuant to the first three subsections, including subsection 60(b)(2), must be filed within one year from the entry of judgment. For the other subsections, including subsection 60(b)(6), the motion must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). When a motion to set aside a judgment is untimely, the court "'will not examine the merits of a judgment.'" *Cruz v. Smith*, 2022 WL 4951539, at *2 (S.D.N.Y. Oct. 4, 2022) (quoting *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 189 (2d Cir. 2006)).

Here, judgment entered on September 17, 2019. Doc. No. 17. The Court of Appeals dismissed Dunbar's appeal as frivolous, or as lacking in legal or factual basis, on July 16, 2020. Doc. No. 24. Dunbar filed this motion on February 21, 2023, over nearly three and a half years (or 31.5 months) after judgment entered and more than two and a half years after the appeal concluded. Doc. No. 28. Three and a half years is too long for the one-year deadline required to reopen judgement to present new evidence, pursuant to Rule 60(b)(2). It is also not a "reasonable time" to obtain relief pursuant to the catchall provision in Rule 60(b)(6).

"[R]easonable" is not defined by the rule, but courts considering delays similar to the three and half years at issue in this case have concluded that the motion to reopen judgment was not

timely filed. *See, e.g.*, *Flemming v. Rosadro*, 2010 WL 11546111, at *3 (N.D.N.Y. July 26, 2010) (providing that motions for relief from judgment filed nearly two years after judgment entered and fifteen months after the Second Circuit dismissed the appeal were not filed "within a reasonable time"), *aff'd,* 2011 WL 5222791 (2d Cir. Nov. 3, 2011); *Malik v. Mackey*, 2009 WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (holding that a plaintiff who filed motion for reconsideration under Rule 60(b)(6) over two years after the ruling was filed did not file within a reasonable time). Indeed, courts considering even shorter delays have concluded that the motion to reopen judgment was not timely filed. *See, e.g.*, *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (concluding that a twenty-six-month delay in submitting a Rule 60(b)(6) motion was a "patently unreasonable delay absent mitigating circumstances"); *Alston v. Quik Park Garage Corp.*, 205 F.3d 1321, 2000 WL 232188, at *2 (2d Cir. Feb. 18, 2000) (summary order) (determining that a motion filed eighteen months after entry of judgment was not filed in a "reasonable time" under Rule 60(b)(6)); *Truskoski v. ESPN. Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding that plaintiff's Rule 60(b)(6) motion for reconsideration filed eighteen months after entry of judgment "plainly did not seek relief from judgment within a reasonable time").

Before I can conclude that the Rule 60(b) motion is untimely, I must also consider whether Dunbar has shown "mitigating circumstances to excuse such delay." *Satterfield v. Pfizer, Inc.*, 208 F. App'x 59, 61 (2d Cir. 2006) (summary order). Here, Dunbar "apologize[s] for the delay" without setting forth a basis for it. Doc. No. 28 at 11. Accordingly, I deny Dunbar's motion to reopen judgment as untimely.

Further, even if Dunbar's motion were timely, I would still deny it on the merits. Rule 60(b) affords "extraordinary judicial relief" that can be granted only upon a showing of "'exceptional circumstances.'" *Carolina v. Pafumi*, 2017 WL 3381217, at *1 (D. Conn. Aug. 4, 2017) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). The party seeking relief from

judgment bears the burden of proof.  *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  To prevail on a Rule 60(b) motion, Dunbar must satisfy a three-part test.  First, she must present highly convincing evidence supporting her motion.  Second, she must demonstrate good cause for failing to act sooner.  Third, she must show that granting the motion would not impose an undue hardship on the defendants.  *See Hemric v. City of New York*, 2001 WL 118561, at *4 (E.D.N.Y. Feb. 13, 2001) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material."); *Boehner v. Heise*, 2009 WL 1360975, at *4-5 (S.D.N.Y. May 14, 2009) (applying the Rule 60(b) test to a motion filed under Rule 60(b)(6)).

Here, Dunbar has met none of these requirements.  Instead, as I understand it, she merely seeks to relitigate this already-dismissed case.  She does not provide a reason to disturb this Court's conclusion that her case was barred by the three-year statute of limitations for cases arising under Section 1983.  Because Dunbar has not presented any highly convincing evidence that exceptional circumstances exist, relief under Rule 60(b) is not warranted.

Dunbar's motions to open judgment [**doc. no. 28**] is **DENIED** and her motions present additional information to the court [**docs. no. 29, 30**] are **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge